G-ilmore, J.
The questions raised by the petition in error, and that raised by the crvss-petition in error, will be considered in the order in which they arise on the record.
First. Did the court in special and general term err in *109 holding, as matter of law, that the cost of the stone wall,, along the canal, was properly included in the assessment?
It is claimed by counsel for plaintiffs in error, First, that the 19th clause of section 199 of the municipal code empowered the city to build the wall in question as an improvement to the canal, the expense of which, under section 601, could have been assessed and collected in the manner pointed out in chapter 49 of the code; and that the wall ought to have been built under the provisions of the sections named; but, that, regarding it as the building of a-wall for the improvement of the canal, the provisions of chapter 49, relating to special assessments to pay the expense of such an improvement, has not been complied with, and,, hence, the expense can not be assessed and collected.
If this claim is held to be untenable, then, in the second place, it is claimed that under sections 5 and 10 of the act of May 8, 1861 (S. & S. 63, 65), it was the duty of the lessess of the public works of the state to rebuild the wall.
But if wrong in both these respects, it is claimed, in the-, third place, that it may fairly be held to be a “ levee” or “ embankment,” mentioned in section 539 of the code, the cost of which shall be paid by the city out of the general fund. In any event, it is, in the fourth place, claimed that the building of the wall was a separate and distinct improvement from the grading, bouldering macadamizing, etc., a street, and is not one of the “ necessary retaining walls,”’ nor any other “ necessary expenditure” for the improvement of the street.
The record furnishes no predicate for these claims or either of them. The force they possess in this case, if any, rests solely upon the assumption, that either the city or lessees of the public works of the state had power to build the wall under the sections of the statutes cited, and that from this, it will conclusively follow that the city was not authorized to build the wall as a part of the improvement of Colerian avenue.
Eor the purposes of the argument let it be conceded that the assumption is true, and it will not necessarily follow *110 that the conclusion is sound. The city may have had the power to build the wall in either of the modes suggested by ■counsel, and also in the mode that it was built. If so, it would simply be empowered to do the same thing by different methods, and it would be clothed with a discretion as to which it would adopt. In such a case, if one of the methods was adopted, all the powers conferred upon the •city by that method could be exercised and carried into •effect, notwithstanding the existence of the other methods by which the same thing might have been done in a different way ; and the fact that it may have been the duty •of the state or its lessees to have built the wall, would constitute no limitation upon the power conferred upon the •city, in reference to the same thing.
Then the controlling question on this point is: Was the •city authorized to build the wall in question as a part of the improvement of the Colerian avenue?
The 18th clause of section 199 of the municipal code -confers power upon the city, in general terms, to make the improvement. Section 544 provides that the cost of the improvement shall include the expense of construction, •enumerating many items specially,li and any other necessary ■ expenditure.” Under this latter clause, the determination ■ of what constitutes the “ necessary expenditure ” of a given improvement, is devolved upon the city council.
In deteiunining whether items of non-enumerated expenditure are or are not necessary, the council is clothed with discretionary power, and where action has been had • it will not be presumed that this discretion has been abused. But in addition to this, on the trial, the court found, among • other things, the fact to be “ that it was impossible to improve said avenue between Central avenue and Center street unless this wall, so assessed for, was first built; and that the improvement of said avenue made it necessary to ■ build said wall,” etc. There being no question as to the power of the city to make the improvement, this finding • of fact, in connection with the other findings of fact on this ■.point, clearly shows that this wall was an item of necessary *111 expenditure ill making the improvement, and, hence, that the cost of it was properly included in the assessment.
It is further objected, that the resolution declaring the improvement to be necessary, does not include this wall, nor do the plans and profiles set it out. This objection is technical, rather than substantial. The ordinance did declare that it was necessary to improve the avenue “ by grading, curbing, flagging gutters, bowldering the roadway, .and constructing the necessary culverts, drains, or retaining walls,” etc. Section 563 only requires the “ plans and profiles relating thereto,” to be recorded. We do not under.■stand that this would require the specifications of every item of expense to be set out. It was, however, stated that retaining walls were necessary, and estimates for masonry were made and filed. If the strictness insisted upon was applied to this case, it would have been impossible to have proceeded with the improvement, for the size •of the walls could not have been known or estimated in .advance. The finding of the court, on this point, is as follows : “ The nature of the soil, and the size of the walls required, could not be known until the excavation was •commenced.”
We think this objection is not sufficient to entitle the plaintiffs to the injunction asked for.
Second. Did the courts below err in holding that the charge for engineering was improperly included in the assessment, as assigned for error iu the cross-petition ? Notwithstanding section 544 does provide, that the costs of the improvement of a street, includes “the expense of the preliminary and other surveys,” yet we think that this has reference only to cases in which the engineer doing the work was employed for that special purpose, and does not apply to work done by engineers appointed for a definite period of time, at fixed salaries, under the provisions of .section 4 of the act of March 17, 1876 (73 Ohio Laws, 44). The finding of fact shows that the work wras done by the ■chief engineer of the board of public works and his assist.ants, all of- whom were in the employ of the city, at fixed *112 salaries, and paid out of the general fund of the city; and also shows the manner of arriving at the amount that was charged and assessed for this improvement.
It is sufficient to say, that when the salaries of these engineers were paid from the general funds of the city, as required by law, that was the end of it, unless there was some law expressly authorizing the charge and assessment that was made iu this case, for the purpose of reimbursing the city for the amount so paid; and, inasmuch as there is no such law, the courts did not err in holding that the charge was improperly included in the assessment.
Third. Did the court err in holding that the charge for “ superintending” was properly included in the assessment?
The difference between the superintendent and the engineer in this case is, that the former was not a salaried officer, while the latter was. This appears from the finding of fact on this point. The 4th ■ section of the act of March 17, 1876, does not require superintendents to be appointed for a fixed period, and where they are not so appointed, there is no provision for the payment of their services when employed under special contract, as in this case. We suppose that, under section 544 of the code, the proper city officers could, in their discretion, if they deemed it necessary, employ a superintendent for this particular work, and thereby incur the expense agreed to be paid for his services; and we see no reason why this expense would not constitute a proper and necessary expenditure in the construction of the improvement. If so, then a charge for such services would constitute a necessary item of expenditure in the construction of the work, and was properly included in the assessment.
Fourth. Did the court err in finding that the cost of laying drain-pipe along the avenue was properly included in the assessment ?
This point is not insisted upon in argument by counsel for plaintiff in error; and we need only say that it clearly appears, from the finding of fact, that these lateral and cross drain-pipes, as laid, “ were necessary to make the im *113 provement in a good and workmanlike manner,” and the cost thereof was, therefore, properly included in the assessment.
There are no errors apparent on the record.